## Illinois Central Railroad Co. v. Henry Crawford.

1. RAILROADS—*When   Liable  for   Injury  Caused  by  Running  a
Train at a Speed Forbidden by Ordinance.*—It is not essential to a right
of recovery against a railroad company for running a train at a speed
forbidden by a city or village ordinance, that the injury sued on should
have been caused by actual contact or collision with the train.

2. SAME—*Are Liable for Injuries Resulting from Defective Condi-
tion of Crossing.*—In a suit against a railroad company for injuries
caused by the defective condition of a crossing constructed and main-
tained by it, evidence to show actual notice to the company of the con-
dition of the crossing and its approaches is not objectionable, as the
company is chargeable with such notice and is liable for the conse-
quences resulting from a defective condition of the crossing and its
approaches.

**Trespass on the Case,** for personal injuries.  Appeal from the Cir-
cuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge,
presiding.  Heard in this court at the May term, 1896.  Affirmed.  Opin-
ion filed December 9, 1896.

H. M. SNAPP and C. V. GWIN, attorneys for appellant.

COWING & YOUNG, attorneys for appellee; B. OLIN, of
counsel.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE
COURT.

This was an action on the case brought by appellee in the
Circuit Court of Will County, to recover damages for per-
sonal injuries sustained by him while attempting to cross
the railroad tracks of appellant at their intersection with
Corning avenue, in the village of Peotone, on the morning
of August 24, 1893.

There was a trial by jury, resulting in a verdict and judg-
ment in favor of appellee for $1,500 damages and costs of
suit.

The negligence charged in the declaration, was, in con-
structing and maintaining a dangerous crossing, running the
train at a greater rate of speed than that limited by the

village ordinance, and a failure to give the statutory signals.

At the point of intersection with Corning avenue, appellant had two main tracks and a side track, running in a northeasterly and southwesterly direction, through the village, and Corning avenue runs east and west across these tracks. The approaches to the crossing were made of dirt, gravel and cinders, and ran parallel with the avenue. The crossing over the railroad tracks was made by planking between the rails, and the planks were laid parallel with the rails, and diagonally with the street and east approach to the crossing. This planking or crossing at the east end, on the south side, extended south of the east approach about eight feet, and did not connect with such east approach but left a space of about eight feet on the south side of the same, leading into an open ditch on appellant's right of way, some four feet deep, and which ditch ran along the east side of the embankment on which the railroad tracks were laid.

The following diagram shows the situation of the tracks, the planking forming the crossing, the open ditch, and the location of the avenue upon which appellee was driving at the time of his injury.

I. C. R. R. Co. v. Crawford.

W.

CORNING AVE.

West Approach.

Open Ditch.

S.

N.

East Approach.

Railroad Tracks.

E.

It appears from the evidence that the ditch was concealed by weeds and rubbish, and the fact that the crossing did not connect with the east approach, was not discoverable or easily discernible by one driving along the avenue from the west, so that a person following the south side of the planking would run into the open ditch at the point marked " A" on the plat, before discovering that he was not going on the east approach. The descent was abrupt and dangerous, and there was no guard or railing of any kind erected so as to prevent a person from driving from this crossing into the ditch. There is no dispute that this crossing and the approaches thereto were constructed and maintained by appellant, and we have no doubt from the evidence that the crossing was dangerous.

In addition to this the evidence shows that the view of the railroad to the north, was obstructed by a large elevator, a corn crib, coal sheds, and, at the time of the accident, by a box car left standing on the track, so that one approaching the crossing from the west would have little or no opportunity of seeing a train coming from the north. All these obstructions were on appellant's right of way.

On the morning of the injury appellee and his father came to town in an open buggy for the purpose of taking the 5 : 40 A. M. train to Chicago, to the World's Fair. They drove into the village from the west along Corning avenue, having a full view of the appellant's railroad tracks to the south, from which direction they saw a train slowly approaching, and from its distance away, appear to have concluded they had ample time to cross ahead of that train, which proved to be the fact. Appellee and his father, William Crawford, both swear they looked and listened for trains from the north, but hearing none, they drove onto the tracks, and just as the horse stepped on the main track, one of appellant's freight trains bore down upon them from the north at a rate of speed estimated by the witnesses to be from twenty to thirty miles an hour. It appears to have been impossible for appellee and his father to turn around and thus avoid the danger; the only hope of escape was to go ahead and clear the track if possible.

I. C. R. R. Co. v. Crawford.

The father was driving, and gave the horse a stroke with his whip, which, together with the fright from the train, caused the horse to spring forward, bringing the buggy into the ditch at the point marked " A." on the plat, overturning it, and inflicting upon appellee a very serious injury, which the evidence seems to show will probably be permanent.

The ordinances of the village limited the rate of speed of trains while passing through it, to ten miles an hour. There can be little, if any, doubt, that the train in question was traveling at a much greater rate of speed than the ordinance permitted at the time of the injury. Many witnesses testified upon the question as to whether or not the bell was rung or the whistle sounded, and there is the usual conflict in the evidence upon that point. We can not say the finding of the jury against appellant on that subject was not warranted by the evidence.

There was no error on the part of the court in admitting the ordinance in evidence limiting the rate of speed of trains while passing through the village. It was not essential to a right of recovery that the injury should have been caused by actual contact or collision with appellant's train. The accident appears to have been occasioned by a combination of circumstances, neither of which alone would have caused the injury. Had the crossing and its approaches been properly constructed, probably appellee would have passed over in safety notwithstanding the train was run at a high and dangerous rate of speed, or the fact, if it be a fact, that the whistle was not sounded or the bell rung. On the other hand if the statutory signals had been given, appellee might have been warned in time, and thus avoided the dangerous position in which he was afterward placed.

There was no error in admitting evidence to show notice to appellant concerning the dangerous condition of the crossing. The appellant had constructed and maintained the crossing and its approaches, and hence must be charged with notice of its condition, and if dangerous it was liable for all the consequences which might be attributable thereto. Therefore the evidence tending to show actual notice could do no harm.

We can not say from the evidence that appellee was guilty of negligence or that there was want of ordinary care on his part to avoid the injury. We think the verdict of the jury was warranted by the evidence, and we will not disturb their finding. We find no serious error in the instructions, and the judgment will be affirmed.